# THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH

| | |
|---|---|
| FRITS VAN DER HOEK, an individual and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALLY BANK and BETTER MORTGAGE CORP,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING [20] PLAINTIFF'S MOTION TO REMAND**<br><br>Case No. 2:21-cv-00320-DBB<br><br>District Judge David Barlow<br>Magistrate Judge Dustin Pead |

Before the court is Plaintiff's Motion to Remand (Motion).[1] On August 18, 2021, the court ordered supplemental briefing from the parties on the issue of prospective damages.[2] Having considered the briefing and the relevant law, the court concludes the Motion may be resolved without oral argument.[3] For the reasons stated herein, the Motion is DENIED.

## BACKGROUND

Plaintiff brings this action against Defendants under the Class Action Fairness Act (CAFA).[4] Plaintiff is seeking restitution and damages for a portion of management fees for appraisals paid in connection with the online mortgage application process.[5] On May 24, 2021, Defendant Better Mortgage removed the case from the Third District Court for the State of Utah.[6] On June 18, 2021, Plaintiff moved to remand, arguing that Better Mortgage failed to meet the $5 million amount in controversy threshold required under CAFA.[7] In its notice of removal

---

[1] Plaintiff's Motion to Remand, ECF No. 20, filed June 18, 2021.
[2] Docket Text Oder, ECF No. 38.
[3] *See* DUCivR 7-1(f).
[4] *See* Complaint, ECF No. 2-1.
[5] *See id.*
[6] Notice of Removal, ECF No. 2, filed May 24, 2021.
[7] *See* 28 U.S.C. § 1332(d)(2)(A).

detailing the amount in controversy, Better Mortgage relied in part on calculations for management fees that would continue to be charged during the course of the litigation.[8]

In his motion, Plaintiff argues Better Mortgage has not met the removal burden because it cannot show that the $5 million requirement was met at the time of removal and improperly relies on prospective damages.[9] On August 18, 2021, the court ordered supplemental briefing.[10] Better Mortgage submitted a supplemental declaration providing testimony as to its business practices, the probable amount of the disputed fees, and the number of customers likely to be subject to the fees.[11] Plaintiff submitted an attorney declaration providing his own calculations and cited several news articles.[12]

## STANDARD

CAFA grants original jurisdiction to the court over a class action if the amount in controversy exceeds $5 million.[13] "[A] defendant seeking to remove under CAFA must show that the amount in controversy exceeds $5,000,000 by a preponderance of the evidence."[14] This can be done "by contentions, interrogatories or admissions in state court; by calculation from the complaint's allegations; by reference to the plaintiff's informal estimates or settlement demands; or by introducing evidence, in the form of affidavits from the defendant's employees or experts, about how much it would cost to satisfy the plaintiff's demands."[15] Once the defendant meets this burden, "remand is appropriate *only* if the plaintiff can establish that it is *legally impossible*

---

[8] Notice of Removal at 4–7.
[9] Motion at 2–9.
[10] Docket Text Order, ECF No. 38.
[11] Better Mortgage's Supplemental Brief Regarding Plaintiff's Motion to Remand (Supplemental Brief), ECF No. 45, filed September 15, 2021; Second Supplemental Declaration of Juliet Leibon, ECF No. 45-1.
[12] Plaintiff's Response to Supplemental Brief, ECF No. 50, filed September 30, 2021; Declaration of Natalie Lyons, ECF No. 51.
[13] 28 U.S.C. § 1332(d)(2).
[14] *Frederick v. Hartford Underwriters Ins. Co.*, 683 F.3d 1242, 1246 (10th Cir. 2012).
[15] *Id.* at 1247 (cleaned up).

to recover more than $5,000,000."[16] Even if it is highly improbable that a plaintiff will recover the amount the defendant shows is in controversy, this does not meet the legally impossible standard.[17] Attorney fees can be considered in determining the amount of the controversy.[18]

## DISCUSSION

### I. Plaintiff Has Put at Issue Damages Occurring Throughout the Course of the Litigation.

For purposes of his Motion, Plaintiff has not challenged Better Mortgage's Supplemental Declaration about the likely amount in controversy for potential past damages. According to Better Mortgage, the amount of fees disputed from the beginning of its relationship with Ally Bank (April 2019) to the filing of Plaintiff's Complaint (April 2021) was $2,510,607.[19] Instead, Plaintiff argues that no prospective fees which consumers may incur after April 2021 and during the pendency of the litigation may be considered for jurisdictional purposes because the fees were not charged prior to the removal of this case to federal court.[20]

The Complaint proposes the following class: "All consumers who, during the applicable statute of limitations, paid an 'Appraiser Fee' to Ally Bank and/or Better Mortgage in the process of applying for a mortgage loan from Ally Bank."[21] This class definition includes all consumers, nationwide, who have paid or later will pay an appraiser fee to Better Mortgage over the course of the litigation. In other words, the Complaint itself puts into controversy amounts which consumers will pay in the future during the case's pendency.[22] The question then becomes

---

[16] *Id.* (emphases added).
[17] *Id.*
[18] *See Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998).
[19] Supplemental Brief at 6–7.
[20] *See* Motion at 6–9; Response to Supplemental Brief at 2–10.
[21] Complaint at ¶ 85, ECF No. 2-1.
[22] Plaintiff attempts to distinguish *Whisenant v. Sheridan Prod. Co., LLC*, No. CIV-15-81-M, 2016 WL 5338557 (W.D. Okla. Sept. 23, 2016). That case involved a CAFA action regarding royalties owed on natural gas rights. On remand, the district court analyzed prospective damages on continuing royalties because the plaintiff's proposed class included royalties "to the time Class Notice is given." *Id.* at *6. The court considered royalties (the potential

whether the court should consider for jurisdictional purposes all the damages sought by Plaintiff's Complaint or only those already incurred at the time of removal?

## II. The Amount in Controversy Includes Damages Incurred During the Litigation.

Plaintiff notes that "the propriety of removal is judged on the complaint as it stands at the time of removal."[23] Here, the Complaint seeks damages for fees already imposed *and* those that will be imposed throughout the course of the litigation.[24] And the Tenth Circuit has made clear that in analyzing jurisdiction at the time of removal, "The amount in controversy is not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that *will be put at issue in the course of the litigation*."[25] In other words, the appropriate question at the motion to

---

damages) that accrued beyond the filing of the complaint and removal because the plaintiff put those royalties at issue by including them in the class definition. *Id*. at *1, 5-6.

[23] *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1488 (10th Cir. 1991). Plaintiff cites or briefly quotes from numerous cases from the Tenth Circuit and other jurisdictions noting this standard. A few of the cases address CAFA jurisdiction, but none of them are factually apposite. *See Wright Transp., Inc. v. Pilot Corp.*, 841 F.3d 1266, 1271 (11th Cir. 2016) (discussing CAFA jurisdiction but not addressing the amount in controversy); *Hockenbury v. Hanover Ins. Co.*, No. CIV-15-1003-D, 2016 WL 54213 (W.D. Okla. Jan. 5, 2016) (discussing CAFA but analyzing jurisdiction under the general diversity statute); *Dutcher v. Matheson*, 16 F. Supp. 3d 1327 (D. Utah 2014) (discussing CAFA and analyzing jurisdiction under various exceptions); *Espinoza v. Allstate Prop. & Cas. Ins. Co.*, No. CV 13-0378 RB/ACT, 2013 WL 12210105 (D. N.M. Nov. 14, 2013) (addressing CAFA standard and various exceptions); *Burdette v. Vigindustries Inc.*, No. 10-1083-JAR, 2012 WL 5505095 (D. Kan. Nov. 13, 2012) (addressing CAFA and general diversity requirements). Additionally, most of the cases are unhelpful as they do not address the standard specific to CAFA jurisdiction. *See Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570 (2004) (discussing non-CAFA facts for the general proposition that jurisdiction "depends upon the state of things at the time of the action brought"); *Woods v. Ross Dress for Less, Inc.*, 833 Fed. App'x 754 (10th Cir. 2021) (discussing non-CAFA facts and concluding "diversity must exist both at the time the action is filed in state court and at the time the case is removed in federal court"); *Hakan Argo DMCC v. Unova Holdings, LLC*, 640 Fed. App'x 821, 824 (10th Cir. 2006) (same); *Nerad v. AstraZeneca Pharms., Inc.*, 203 Fed. App'x 911 (10th Cir. 2006) (discussing non-CAFA facts and noting the district court remanded based on the facts at the time of removal); *Oklahoma Farm Bureau Mut. Ins. Co. v. JSSJ Corp.*, 159 Fed. App'x 775, 778 (10th Cir. 2005) (discussing non-CAFA facts and noting that the amount in controversy requirement must be established at the time the removal motion is made); *In re Transamerica Assur. Co.*, 198 F.3d 259 (Table) (10th Cir. 1999) (same); *Laughlin v. Kmart Corp.*, 50 F.3d 871 (10th Cir. 1995) (same); *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413 (9th Cir. 2018) (same); *Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 822 (8th Cir. 2011) (same); *Cordova v. Jenkins*, No. CV 16-460 KG/KBM, 2018 WL 6519131 (D. N.M. Dec. 11, 2018) (same).

[24] Complaint at 16, 26 (describing the proposed class definition).

[25] *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008) (emphasis added).

remand stage "isn't what damages the plaintiff will likely prove but what a factfinder might conceivably lawfully award."[26]

Better Mortgage bears the burden of showing "what a factfinder might conceivably lawfully award" by a preponderance of the evidence.[27] Plaintiff challenges Better Mortgage's attempts to estimate damages that may be incurred during the course of this litigation as "speculations about the future," engaging "in the role of soothsayer," building a "house of cards," "flout[ing] 'axiomatic' law," and relying on "speculative future class members to manufacture jurisdiction."[28] These statements are unwarranted. It is Plaintiff, not Better Mortgage, that is seeking a nationwide class of unknown future duration. Plaintiff clearly is pursuing damages and fees for class members who have not yet been injured. Neither binding precedent (which instructs this court to consider "what a factfinder might conceivably lawfully award") nor fundamental fairness permit Plaintiff to seek damages yet to be incurred and then turnabout and argue that the damages the Complaint currently seeks are somehow irrelevant to jurisdiction.[29]

Plaintiff also expressed concern that if his case were to be dismissed before his damages and fees reach the $5 million mark, there would be "a cloud on any order the Court might

---

[26] *Hammond v. Stamps.com, Inc.*, 844 F.3d 909, 912 (10th Cir. 2016). The court notes that Plaintiff did not include this relevant, binding precedent in his Motion and Response to the Supplemental brief. Presumably this was an oversight that will not be repeated in further motion practice. Plaintiff also cites to an Eleventh Circuit case for the proposition that post-removal events do not create CAFA jurisdiction. Reply Memorandum at 5 (citing *Wright Transp., Inc. v. Pilot Corp.*, 841 F.3d 1266, 1271 (11th Cir. 2016)). This cannot supplant Tenth Circuit precedent instructing this court to consider the amount put at issue in the course of the litigation.
[27] *Frederick*, 683 F.3d at 1247.
[28] Motion at 1-2; Reply Memorandum Supporting Motion to Remand at 4, 9, ECF No. 31, filed July 16, 2021.
[29] Plaintiff cites an out-of-circuit district court case which found that retail sales that occurred after the wrongful conduct described in the complaint were not relevant to the court's jurisdictional analysis. *Petkevicius. NBTY, Inc.*, No. 3:14-cv-02616, 2017 WL 11113295 (S.D. Cal. Mar. 24, 2017). The case is not binding and does not illuminate the matter here. Among other things, what was lacking there is present here: evidence regarding "an estimate of the amount that will be put at issue in the course of the litigation." *See McPhail*, 529 F.3d at 956.

issue."[30] Not so. In *Miera v. Dairyland*, the Tenth Circuit stated, "Once jurisdiction has attached, events subsequently defeating it by reducing the amount in controversy are unavailing."[31] Therefore, if the court determines that $5 million is at stake in this litigation, jurisdiction is not then defeated if the parties were to dismiss or settle the case prior to going to trial. Jurisdiction has already attached and events like settlement or dismissal that shorten the duration of the litigation do not strip the court of jurisdiction.

Furthermore, the Tenth Circuit has concluded, "once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million…the case belongs in federal court unless it is *legally impossible* for the plaintiff to recover that much."[32] Tellingly, Plaintiff has produced no evidence nor made any arguments that he and the other members of the class he seeks would not be entitled to recover over $5 million. Therefore, the court will consider evidence regarding damages, including management fees, that "will be put at issue in the course of litigation"[33] because Plaintiff's class definition includes such damages.

### III. Better Mortgage Has Shown by a Preponderance of the Evidence that the Amount in Controversy Exceeds $5 Million.

The court asked the parties for additional evidence and briefing to determine the amount that would be put at issue in the course of litigation.[34] Better Mortgage provided a supplemental declaration from Juliet Leibon to respond to the court's additional questions. Leibon is the Director of Collateral Procurement for Better Mortgage.[35] She is "primarily responsible for third-party vendor management, including management of the several appraisal management companies with whom Better Mortgage contracts to provide property appraisal services for loan

---

[30] Plaintiff's Response to Supplemental Briefing at 6.
[31] 143 F.3d 1337, 1340 (10th Cir. 1998).
[32] *Hammond*, 844 F.3d at 914 (omission in original, citation and quotation marks omitted) (emphasis added).
[33] *McPhail*, 529 F.3d at 956.
[34] *See Frederick*, 683 F.2d at 1247 (allowing a party to introduce evidence through affidavits as to the amount in controversy).
[35] Leibon Declaration at ¶ 3.

applicants."[36] As part of her job duties, Leibon "communicate(s) regularly with representatives of the several appraisal management companies on a variety of issues, including appraisal costs."[37]

Plaintiff argues that Leibon's declaration is "improper" because it is based on "mere belief," not knowledge.[38] That is not what Leibon's declaration shows. Leibon's declaration, made under penalty of perjury, states that her testimony is based on "personal knowledge" and that she is the person "primarily responsible" for management of the appraisal companies that charge the disputed fees.[39] She avers repeatedly that her statements are based on her knowledge, and her employment position, responsibilities, and activities put her in a position to have relevant information.[40] The word "belief" appears nowhere in her declaration, just Plaintiff's brief.[41]

Plaintiff also cites to *Argo v. Blue Cross & Blue Shield of Kansas, Inc.*[42] to support his argument that the court should not consider the Leibon declaration. In *Argo*, the Tenth Circuit affirmed the district court's exercise of discretion in striking part of an affidavit submitted during summary judgment briefing.[43] The court noted that at summary judgment, "'statements of mere belief' in an affidavit must be disregarded."[44] The affidavit in question made a statement about every female employee with a particular job title at Blue Cross Blue Shield over a seven-year timeframe, yet the affiant was not a human resources official who could have had that kind of

---

[36] *Id.* at ¶ 3.
[37] *Id.* at ¶ 4.
[38] Plaintiff's Response to Supplemental Brief at 4.
[39] Leibon Declaration at ¶¶ 2–3.
[40] *Id.* at ¶¶ 2–4, 8–12. Plaintiff string cites a number of cases for the proposition that jurisdictional facts are required. Plaintiff's Response at 3. Plaintiff does not helpfully explain how this unremarkable proposition—that facts are required—supports his position, other than to reiterate his argument that the Leibon declaration is insufficient. *Id.*
[41] Plaintiff's Response to Supplemental Brief at 3–4.
[42] 452 F.3d 1193, 1200 (10th Cir. 2006).
[43] *Id.*
[44] *Id.* (quoting *Tavery v. United States*, 32 F.3d 1423, 1427 n.4 (10th Cir. 1994).

information.[45] On that basis, the Tenth Circuit found that the district court did not abuse its discretion in disregarding that part of the affidavit.[46]

Here, the situation is nearly opposite. As the person "primarily responsible" for working with the appraisal companies, Leibon is positioned to have relevant information based on her personal knowledge and experience.[47] She communicates "regularly with representatives of the several appraisal management companies on a variety of issues, including appraisal costs."[48] The court will not exercise its discretion to strike or ignore her statements.[49]

The court then turns to the math. Plaintiff has not disputed that the management fees at issue from April 1, 2019 through April 30, 2021 are $2,510,607.[50] Plaintiff also does not dispute that a percentage-of-recovery attorneys' fees at 33% would be reasonable, which would add another $828,500 for the April 2019 to April 2021 time period. This results in a total of $3,339,107 at issue for those two years. As noted earlier, the court's focus is on an "estimate of the amount that will be put at issue in the course of the litigation"[51] and "what a factfinder might conceivably lawfully award."[52] Plaintiff's proposed class is open-ended and nationwide, bounded only by the statute of limitations.[53] Plaintiff's claims have statutes of limitations that

---

[45] *Id.*
[46] *Id.*
[47] Leibon Declaration at ¶¶ 2–3.
[48] *Id.* at ¶ 4.
[49] *See Avila v. Rue21, Inc.*, 432 F. Supp. 3d. 1175, 1185-87 (E.D. Cal. 2020) (concluding a declaration from knowledgeable employee was appropriate support for the amount in controversy).
[50] *See* Better Mortgage's Opposition to Motion to Remand at 3, ECF No. 26, filed July 2, 2021; Plaintiff's Reply in Support of Motion at 2–4.
[51] *McPhail*, 529 F.3d at 956.
[52] *Hammond*, 844 F.3d at 912.
[53] Complaint at ¶ 85 ("All consumers who, during the applicable statute of limitations, paid an 'Appraiser Fee' to Ally Bank and/or Better Mortgage in the process of applying for a mortgage loan from Ally Bank.").

vary from four to six years,[54] so the six-year statute of limitations is the outer temporal limit for "what a factfinder might conceivably lawfully award."[55]

Because Plaintiff seeks damages for a class that could stretch years into the future, the court has to estimate how much those damages may be over the course of litigation, culminating in the time the factfinder determines whether and how much to award. As noted above, the estimated damages and attorney fees for April 2019 to April 2021 are $3,339,107. From May 2021 to August 2021, the number of transactions with the relevant fees was ▮ (effectively an average of about ▮ applicable transactions per month).[56] Using the previously provided average fee of ▮,[57] this amounts to $▮ in damages, plus $259,385 in attorney fees, resulting in a grand total of $4,▮ for the April 2019 to August 2021 timeframe.

Leibon has testified that the appraisal management fees are likely to continue over at least the next 12 to 18 months in an amount of ▮ per transaction.[58] At a pace of ▮ transactions per month,[59] additional damages of ▮ and attorney fees of $191,862 would be at issue by the end of this year alone. This would result in an estimated total amount in controversy of $5,▮. The court can state with perfect certainty that this case, in which no discovery has occurred, will not be ready for trial (or resolution of dispositive motions, for that matter) by the end of the year.

---

[54] Utah Code § 78B-2-309(1)(b) (providing a six-year statute of limitations for breach of contract); *CIG Exploration Inc. v. State*, 24 P.3d 966, 971 (Utah 2001) (stating the six-year statute of limitations also applies to the implied duty of good faith and fair dealing when the implied duty is founded on a written contract); Utah Code § 78B-2-307(3) (providing a four-year statute of limitations for an unjust enrichment claim); *Id.* § 13-12-6(6)(b) (providing a five-year statute of limitations for a violation of the Utah Consumer Sales Practices Act).
[55] *Hammond*, 844 F.3d at 912.
[56] Leibon Declaration at ¶ 14.
[57] Notice of Removal at ¶¶ 19–20.
[58] Leibon Declaration at ¶ 10.
[59] *Id.* at ¶ 14.

Plaintiff argues that if the court is going to consider something other than past damages only, it should take into account the average time to disposition for a civil case in this district of 8 to 13 months.[60] But the question before this court is not how long it might take for the case to be settled or dismissed. Rather, the issue is "what a factfinder might conceivably lawfully award."[61] A factfinder is not involved in dismissal or settlement but rather at trial. Therefore, the time to case disposition simply is not relevant.

Conversely, time to trial would be relevant because that is when a factfinder would make an award. Based on the evidence submitted by Plaintiff, the median time from filing to trial was 31 months to 44 months during the available time frame.[62] Of course, as noted above, $5 million is estimated to be in controversy long before then.

Additionally, this is not a garden variety civil case but a putative nationwide class action. Plaintiff proposes the following class: "All consumers who, during the applicable statute of limitations, paid an 'Appraiser Fee' to Ally Bank and/or Better Mortgage in the process of applying for a mortgage loan from Ally Bank."[63] Plaintiff also alleges that the class consists of "thousands of members."[64] The court finds that it is unlikely that a class action with thousands of nationwide members would be ready for trial during the 31 to 44 months median time to trial. Again, in any event, the median time to trial is unnecessary to the court's finding in this case: $5 million will be in controversy a very long time before this matter is ready for trial.

---

[60] Plaintiff's Response to Supplemental Brief at 5.
[61] *Hammond*, 844 F.3d at 912.
[62] U.S. District Court Judicial Caseload Profile at 2, ECF No. 51-1. While the court does not rely on it, it is worth noting that the average time to trial may be longer now because the COVID-19 pandemic has created a backlog of cases waiting to be tried while the courthouse conducts only one trial in the building at a time and prioritizes criminal cases. *See* General Order 21-012, https://www.utd.uscourts.gov/sites/utd/files/General%20Order%2021-012%20FINAL.pdf.
[63] Complaint at ¶ 85.
[64] *Id.* at ¶ 89.

Additionally, Better Mortgage argues that the amount in controversy is likely higher still because its business has been increasing. Leibon testifies that the number of applicable transactions has been ▓▓▓.[65] If that trend continues, the amount in controversy obviously would be higher than calculated above. For his part, Plaintiff argues against any increase by citing news articles about home sales generally.[66] The court finds these news articles unpersuasive. The court does not find the selected news articles about general industry issues and conditions to be persuasive in rebutting Better Mortgage's specific factual information about its own business. While the court credits Better Mortgage's testimony regarding ▓▓▓, it notes that ▓▓▓ for the amount in controversy to meet the $5 million requirement.

As the movant, Better Mortgage bears the burden of showing "what a factfinder might conceivably lawfully award" by a preponderance of the evidence.[67] It has met its burden. The preponderance of the evidence shows that more than $5 million "will be put at issue in the course of the litigation."[68] Because Better Mortgage has shown by a preponderance of the evidence that the amount in controversy exceeds $5 million, and because the Plaintiff has not shown—indeed, not even argued—that it is legally impossible for the class to recover this amount,[69] the court has jurisdiction under CAFA.

In short, Plaintiff filed a class action complaint seeking damages not only for past actions, but also for those that would occur during the pendency of this litigation. This approach was a matter entirely within his own control. He could have sought a smaller class. He might have limited the class temporally or geographically. He could have disavowed that he was seeking any

---

[65] *Id.*
[66] Plaintiff's Response to Supplemental Brief at 7–10.
[67] *Frederick*, 683 F.3d at 1247.
[68] *McPhail*, 529 F.3d at 956 (emphasis added).
[69] *Hammond*, 844 F.3d at 914.

damages beyond those that accrued prior to the filing of his complaint or the removal. He did none of these things, preferring to seek a larger recovery for both past damages and those that would occur during the pendency of this case. As a result, he pled himself into federal jurisdiction.

## ORDER

For the reasons stated in this Memorandum Decision and order, Plaintiff's Motion is DENIED and Plaintiff's request for fees is DENIED.

DATED November 2, 2021.

BY THE COURT:

_____
David Barlow
United States District Judge